## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

STRIKE 3 HOLDINGS, LLC,

       *Plaintiff*,

   v.

JOHN DOE subscriber assigned IP address
68.84.6.114,

       *Defendant*.

</td><td>

Civil Action No. 25-1141 (TJK)

</td></tr>
</table>

### MEMORANDUM OPINION

Before the Court is Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. ECF No. 6. For the reasons below, the Court will grant the motion.

### I.     Factual Background

Plaintiff Strike 3 Holdings, LLC owns the rights to certain adult entertainment films. ECF No. 1 ("Compl.") ¶ 2. Strike 3 alleges that Defendant, currently identified as John Doe subscriber assigned IP address 68.84.6.114, has been downloading and distributing these films using a BitTorrent protocol in violation of the Copyright Act, 17 U.S.C. §§ 101 *et seq. See* Compl. ¶¶ 4-6, 51–56. According to Strike 3, it has used geolocation technology to trace the IP address used by Defendant to a physical address in the District of Columbia. *Id.* ¶ 9.

Strike 3 moves for leave to file a third-party subpoena on Defendant's internet service provider ("ISP") to "learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service." ECF No. 7 at 2. The subpoena, Strike 3 says, "will only demand the true name and address of Defendant." *Id.* at 3. And Strike 3 will use the information it receives only to prosecute claims in its complaint. *Id.*

## II.    Legal Standard

A party ordinarily "may not seek discovery from any source" before a conference under Federal Rule of Civil Procedure 26(f) unless a "court order" permits such early discovery.  Fed. R. Civ. P. 26(d)(1).  When a case "involve[s] as-yet-unknown defendants," this kind of order is "the only potential avenue for discovery."  *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (citation omitted).  And a "court's discretion to order discovery"—"cabined by Rule 26(b)'s general limitations on the scope of discovery"—governs both pre- and post-conference discovery.  *Id.*  In turn, Rule 26(b) provides that "a party may obtain discovery" of "nonprivileged materials that are relevant to the party's claim or defense and proportional to the needs of the case."  *Id.* (internal quotation marks and citation omitted).  The proportionality inquiry accounts for "the parties' relative access to relevant information and the importance of discovery in resolving the issues at stake in the action."  *Id.* (internal quotation marks, citation, and brackets omitted).

A plaintiff also "must 'have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant[s].'"  *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014) (alteration in original) (quoting *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998)).  "The Copyright Act does not provide for the exercise of personal jurisdiction over alleged infringers on any basis."  *Malibu Media, LLC v. Doe*, 177 F. Supp. 3d 554, 556–57 (D.D.C. 2016) (citing *Exquisite Multimedia, Inc. v. Does 1-336*, No. 11-cv-1976 (RWR/JMF), 2012 WL 177885, at *2 (D.D.C. Jan. 19, 2012)).  Thus, a plaintiff "must predicate this Court's jurisdiction over the infringers on the reach of District of Columbia law."  *Id.*  Under the District of Columbia's long-arm statute, "the only conceivable way that personal jurisdiction might properly be exercised" is if Defendant

is a "resident[] of the District of Columbia or at least downloaded the copyrighted work in the District." *AF Holdings*, 752 F.3d at 996 (citing D.C. Code § 13-423(3), (4)).

## III.  Analysis

Strike 3 has shown that this case warrants the limited early discovery that it requests. As for the importance of that discovery, "this suit cannot move forward without [Strike 3] first being able to identify Defendant so that service can be effected." *Malibu Media, LLC v. Doe*, No. 16-cv-639 (RC/AK), 2016 WL 1698263, at *2 (D.D.C. Apr. 27, 2016). So the requested discovery is Strike 3's only chance to move this lawsuit beyond the starting gate. And as for Strike 3's access to the information that the third-party subpoena would target, it has none—and, according to its declarant, no alternatives beyond the ISP. *See* ECF No. 7-1 ¶ 28. The requested material is also relevant to Strike 3's claims; Strike 3 alleges that a user at *this* IP address has been infringing its copyrighted works, and it needs information about the user to prosecute its claims. *See* Compl. ¶ 5. Given that relevance, the importance of the requested discovery, and the inability to otherwise obtain the information, the Court finds that some early discovery is appropriate.

Strike 3 has also established a good-faith belief that this Court has personal jurisdiction over Defendant. Using geolocation technology, Strike 3 has traced Defendant's IP address to a physical location within the District of Columbia. ECF No. 7 at 9. The D.C. Circuit "has suggested that reliance on 'geolocation services' of this sort is sufficient to justify a 'good faith belief' that a district court has personal jurisdiction over unknown defendants." *Malibu Media, LLC v. Doe*, No. 15-cv-986 (RDM), 2015 WL 5173890, at *2 (D.D.C. Sept. 2, 2015) (quoting *A.F. Holdings*, 752 F.3d at 996); *see also Malibu Media*, 2016 WL 1698263, at *2 ("Using a geolocation service that estimates that location of Internet users based on their IP addresses is sufficient to demonstrate a good faith belief that the court has personal jurisdiction over the defendant."); *Nu Image, Inc. v.*

*Does 1-23,322*, 799 F. Supp. 2d 34, 41 (D.D.C. 2011) ("Plaintiff has a good faith basis to believe

a putative defendant *may* be a District of Columbia resident if a geolocation service places his/her

IP address within the District of Columbia . . . .") (emphasis in original).  Thus, in its "broad

discretion to . . . dictate the sequence of discovery," *Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir.

2007) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)), the Court authorizes Strike 3

to serve limited discovery on Defendant's ISP.

## IV.    Protective Order

Strike 3 notes that in similar cases involving adult content, some courts "have found it

appropriate to issue a protective order establishing procedural safeguards," and it encourages this

Court to do so here if appropriate.  ECF No. 7 at 10–11.  The Court finds that a protective order is

warranted.  "The fact that a copyrighted work was illegally downloaded from a certain IP address

does not necessarily mean that the owner of that IP address was the infringer."  *Media Prods., Inc.

v. Does 1-26*, No. 12-cv-3719 (HB), 2012 WL 2190613, at *1 (S.D.N.Y. June 12, 2012).  "Indeed,

the true infringer could just as easily be a third party who had access to the internet connection,

such as a son or daughter, houseguest, neighbor, or customer of a business offering an internet

connection," and "[t]here is a real risk that defendants might be falsely identified and forced to

defend themselves against unwarranted allegations."  *Id*.  There is also a risk that "the innocent

defendant may be coerced into an unjust settlement with the plaintiff to prevent the dissemination

of publicity surrounding unfounded allegations."  *Id*.  In sum, absent a protective order, "there is

no reason to conclude that adequate protections exist to safeguard the individuals or entities

subscribing to the implicated IP address[] against the danger of 'annoyance, embarrassment,

oppression, or undue burden or expense.'"  *In re Malibu Media Adult Film Copyright Infringement*

*Cases*, Nos. 15-cv-1855 (SJF) (SIL) *et al.*, 2015 WL 3605834, at *4 (E.D.N.Y. June 8, 2015) (quoting Fed. R. Civ. P. 26(c)).

Given these considerations, Strike 3 will be allowed to serve early discovery by serving a Rule 45 subpoena on the identified ISP that seeks information sufficient to identify John Doe subscriber assigned IP address 68.84.6.114.  But if and when the ISP is served with a subpoena, Strike 3 must provide the ISP with a copy of this Memorandum Opinion and the accompanying Order with its subpoena.  The ISP must give written notice, which may include email notice, and must include a copy of the subpoena, this Memorandum Opinion, and the accompanying Order, to the subscriber in question at least twenty-one (21) business days prior to releasing the subscriber's identifying information to Strike 3.  Any motion to quash the subpoena must be filed before the return date of the subpoena, which shall be no earlier than forty-five (45) calendar days from the date of service.  The ISP must preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.  Any information disclosed to Strike 3 in response to a Rule 45 subpoena may be used by Strike 3 solely for the purpose of protecting its rights as stated in the Complaint.  *See* Compl.  If Defendant, once identified, wishes to proceed anonymously in this litigation, he must make that request through a motion for a protective order.  *See* Fed. R. Civ. P. 26(c).  Any such motion must be filed within thirty (30) calendar days from the date Defendant receives written notice of the subpoena from the ISP.  And to preserve Defendant's ability to seek a protective order, Strike 3 shall refrain from identifying Defendant on the public docket or from otherwise disclosing Defendant's identity for thirty (30) calendar days after receiving any identifying information from the ISP.  By June 2, 2025, Strike 3 shall file a status report with the Court outlining the progress of the discovery authorized by this Memorandum Opinion and the accompanying Order.

**V.    Conclusion**

For the reasons set forth above, the Court will grant Plaintiff's Motion for Leave to Serve

a Third-Party Subpoena Prior to a Rule 26(f) Conference, ECF No. 6.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: April 29, 2025